UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD RAY ELLIS,<br><br>Plaintiff,<br><br>v.<br><br>OFFICER THOMAS,<br><br>Defendant. | Case No. 14-cv-00199-JCS<br><br>**ORDER DENYING MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Re: Dkt. No. 26 |

## I.      INTRODUCTION

Pro se Plaintiff Donald Ray Ellis filed this lawsuit against Defendant Officer Thomas[1] of the City of Pittsburg Police Department, alleging that his constitutional rights were violated when he was racially profiled and subject to an unlawful search by Officer Thomas.  After the allegedly unlawful search, Officer Thomas issued Mr. Ellis a citation for possession of an open container of alcohol, an infraction to which Mr. Ellis pled no contest.  Officer Thomas now brings this Motion for Judgment on the Pleadings (the "Motion") on the basis that Mr. Ellis's no-contest plea bars his cause of action for unlawful search under *Heck v. Humphrey*, 512 U.S. 477 (1994).  The Court held a hearing on the Motion on Friday, September 25, 2015, at 9:30 a.m.  For the reasons explained below, Officer Thomas's Motion is DENIED.[2]

## II.      BACKGROUND

### A.      Procedural History and Plaintiff's Complaint

Mr. Ellis alleges that he was racially profiled by Officer Thomas as part of "an underground railroad racial movement" and that Officer Thomas unlawfully searched Mr. Ellis's

---

[1] The pleadings identify the Defendant only as "Officer Thomas."
[2] The parties have consented to the jurisdiction of the undersigned magistrate judge for all purposes pursuant to 28 U.S.C. § 636(c).

United States District Court<br>Northern District of California

United States District Court
Northern District of California

1    bag. First Amended Complaint ("FAC") at 1. The Court previously granted Mr. Ellis's

2    application to proceed *in forma pauperis*. Dkt. 8. Pursuant to 28 U.S.C. § 1915(e)(2)(B), the

3    Court dismissed with leave to amend Mr. Ellis's original complaint for failure to state a claim on

4    which relief may be granted.[3] Dkt. 12. The Court construed the First Amended Complaint as

5    alleging sufficient facts to state a claim against Officer Thomas for unlawful search under 42

6    U.S.C. § 1983. Dkt. 15.

7        The First Amended Complaint alleges that Officer Thomas racially profiled and

8    discriminated against Mr. Ellis on April 4, 2013, by stopping him and unlawfully searching his

9    bag. FAC at 1. According to the complaint, Officer Thomas stopped Mr. Ellis near the corner of

10    8th Street and Los Medanos Street while Mr. Ellis was walking to the post office to check his

11    mail. *Id.* Mr. Ellis claims that he was not drinking in public when Officer Thomas saw and

12    decided to stop him, although his Complaint does not address whether he was carrying an open

13    container of alcohol. *Id.* Mr. Ellis alleges that Officer Thomas nevertheless stopped him, harassed

14    him, searched his bag, and issued a ticket for possession of an open container of alcohol. *Id.*

15    **B.**      **Defendant's Motion for Judgment on the Pleadings**

16        On July 2, 2015, Officer Thomas filed the instant Motion and a supporting Request for

17    Judicial Notice of the proceedings and outcome of Mr. Ellis's criminal case that arose from the

18    April 4, 2013, open container citation. Officer Thomas contends that *Heck v. Humphrey*, 512 U.S.

19    477 (1994), bars Mr. Ellis's cause of action under § 1983 because Mr. Ellis was convicted of

20    violating Pittsburg Municipal Code section 9.28.010[4] after entering a no-contest plea. Mot. at 5.

21    According to Officer Thomas, success on Mr. Ellis's § 1983 claim of unlawful search would

22    necessarily imply the invalidity of his conviction, a result that requires dismissal of Mr. Ellis's

23

24       [3] Mr. Ellis also filed complaints against Pittsburg City Mayor Sal Evola, Council Member
Nancy Parent, City Manager Joe Sbranti, Council Member William Casey, Council Member Ben

25    Johnson, and Vice Mayor Pete Longmire. Nos. 3:14-cv-0194; 3:14-cv-0195; 3:14-cv-0196; 3:14-
cv-0197; 3:14-cv-0198. The Court dismissed amended complaints against these defendants with

26    prejudice pursuant to § 1915 for failure to state a claim on which relief may be granted. Dkt. 15.
      [4] Section 9.28.010, entitled "Consumption of alcoholic beverages in public places," provides:

27    "No person may consume any alcoholic beverage upon any public property including, but not
limited to, a street, alley, sidewalk, parking lot, park, picnic area, plaza, greenbelt or other public

28    area; or in the entrance way to any building, which entrance way is open to view from the public
street, without first obtaining a permit as provided in PMC 9.28.070."

§ 1983 claim under *Heck*. *Id.*  Mr. Ellis filed a letter in opposition to Officer Thomas's motion. Dkt. 31.  Officer Thomas, in turn, filed a Reply.  Dkt. 32.  Neither the Opposition nor the Reply present substantial new legal arguments.[5]

## III.     ANALYSIS

### A.     Legal Standard

Federal Rule 12(c) permits a party to move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial."  Fed. R. Civ. P. 12(c).  "Analysis under Rule 12(c) is substantially identical to analysis under Rule 12(b)(6) because, under both rules, a court must determine whether the facts alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy."  *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012) (quotations omitted).  In ruling on a motion under Rule 12(c), the Court must accept all factual allegations in the complaint as true and view them in the light most favorable to the non-moving party.  *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009).  Where the complaint has been filed by a pro se plaintiff, as is the case here, courts must "construe the pleadings liberally . . . to afford the [plaintiff] the benefit of any doubt."  *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted).  Judgment on the pleadings is appropriate when there is no issue of material fact in dispute and the moving party is entitled to judgment as a matter of law.  *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1989).  "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

As a general rule, the Court may not consider factual material extrinsic to the pleadings when ruling on a motion under Rule 12(c).  *See* Fed. R. Civ. P. 12(d).  The Court may, however, consider extrinsic material that is properly the subject of judicial notice as long as the facts noticed are not "subject to reasonable dispute."  *See Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (quoting Fed. R. Evid. 201(b)).

---

[5] In the Opposition, Mr. Ellis reiterates his allegations of racial discrimination from the original and amended complaints and describes delays in state court proceedings whose relation to this suit is unclear.  Opp'n at 2–3.  The Reply raises a number of procedural and evidentiary objections to the Opposition.  Reply at 1–3.

United States District Court
Northern District of California

**B.     Request for Judicial Notice**

Officer Thomas has requested under Federal Rule of Evidence 201 that the Court take judicial notice of the proceedings and outcome of Mr. Ellis's criminal case arising from the April 4, 2013, open container citation.  Defendant's Request for Judicial Notice in Support of Motion for Judgment on the Pleadings (dkt. 27) at 1.  Officer Thomas has supplied a Case Report from the Contra Costa County Superior Court showing Mr. Ellis's no-contest plea and the disposition of his criminal case.  *Id.* Ex. A.  Federal Rule of Evidence 201(b)(2) states that courts may take judicial notice of facts that are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."  As a result, courts may properly take judicial notice of public records, though not the truth of facts asserted in those records, which may be subject to reasonable dispute.  *See Lee*, 250 F.3d at 689.  The Court accordingly takes judicial notice of the fact of Mr. Ellis's conviction under Pittsburg Municipal Code section 9.28.010.

**C.     *Heck* Does Not Bar Plaintiff's Cause of Action**

Officer Thomas contends that *Heck v. Humphrey* bars Mr. Ellis's unlawful search claim.  Mot. at 5.  What has come to be known as the "*Heck* preclusion doctrine," "*Heck* bar," or "favorable-termination requirement" is based on the following paragraph in the Supreme Court's opinion:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.  A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.  Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.  But if the district court determines that the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

*Heck*, 512 U.S. at 486–87 (footnotes omitted).  The Ninth Circuit has explained that under *Heck*,

United States District Court
Northern District of California

United States District Court
Northern District of California

"if a criminal conviction arising out of the same facts stands and is fundamentally inconsistent with the unlawful behavior for which section 1983 damages are sought, the 1983 action must be dismissed." *Beets v. Cty. of Los Angeles*, 669 F.3d 1038, 1042 (9th Cir. 2012) (quoting *Smith v. City of Hemet*, 394 F.3d 689, 695 (9th Cir. 2005) (en banc)).  Consequently, "the relevant question is whether success in a subsequent § 1983 suit would 'necessarily imply' or 'demonstrate' the invalidity of the earlier conviction or sentence." *City of Hemet*, 394 F.3d at 695 (quoting *Heck*, 512 U.S. at 487).

The doctrine is typically applied to bar a § 1983 action when the § 1983 plaintiff is imprisoned and could pursue a direct appeal or writ of habeas corpus (or has pursued those claims and lost).  Here, however, Mr. Ellis is not in custody because he pled no contest to an infraction and has not subsequently challenged the conviction.  Accordingly, in addition to determining whether success on Mr. Ellis's § 1983 claim would necessarily imply the invalidity of his conviction, the Court is presented with the questions of whether *Heck* applies to Mr. Ellis's no-contest plea and whether *Heck* applies to infraction convictions.  As discussed below, the Court concludes that *Heck* does not apply to Mr. Ellis's no-contest plea under Ninth Circuit law.

Officer Thomas contends that the *Heck* bar applies to no-contest pleas.  Mot. at 5–6.  In support of this proposition, Officer Thomas cites the Ninth Circuit's unpublished memorandum disposition in *Radwan v. County of Orange*, 519 F. App'x 490 (9th Cir. 2013), and the Central District's decision in *Nuno v. San Bernardino County*, 58 F. Supp. 2d 1127 (C.D. Cal. 1999), in which the courts applied *Heck* respectively to a guilty plea and a no-contest plea.  However, Ninth Circuit case law is equivocal on whether *Heck* applies to no-contest pleas.  *See, e.g.*, *Cooley v. City of Vallejo*, No. 2:14-CV-0620-TLN-KJN, 2014 WL 3749369, at *4 (E.D. Cal. July 29, 2014), *report and recommendation adopted*, 2014 WL 4368141 (Sept. 2, 2014) ("Admittedly, there appears to be some confusion concerning application of the *Heck* bar in the context of no-contest pleas.").

Some Ninth Circuit cases have applied *Heck* to no-contest pleas.  In *Szajer v. City of Los Angeles*, the Ninth Circuit applied *Heck* to bar a § 1983 lawsuit alleging an unlawful search where the plaintiff had pled no contest to possession of an illegal assault weapon discovered during the

1   disputed search.  632 F.3d 607, 612 (9th Cir. 2011).  The court applied *Heck* without considering

2   the issue of whether *Heck* applies to no-contest pleas.  More recently, the court in *Radwan* cited

3   *Szajer* in support of its assertion that the Ninth Circuit "ha[s] repeatedly found Heck to bar § 1983

4   claims, even where the plaintiff's prior convictions were the result of guilty or no contest pleas."[6]

5   519 F. App'x at 490–91.  Similarly, the court in *Chico Scrap Metal, Inc. v. Robinson* affirmed the

6   district court's dismissal of § 1983 challenges to Department of Toxic Substances Control clean-

7   up orders that were mandatory consequences of no-contest misdemeanor plea agreements.  560 F.

8   App'x 650, 651 (9th Cir. 2014).  While the Ninth Circuit in that case did not address the issue of

9   no-contest pleas, the district court had rejected the plaintiffs' argument that *Heck* did not apply

10  because their "state court conviction[s were] based on their nolo contendere pleas, not the legal

11  validity of the DTSC orders" they challenged in their § 1983 action.  *Chico Scrap Metal, Inc. v.*

12  *Raphael*, 830 F. Supp. 2d 966, 971 (E.D. Cal. 2011).

13          In *Lockett v. Ericson*, however, the Ninth Circuit held that *Heck* did not bar a § 1983 claim

14  for unlawful search because the plaintiff pled no contest to the charge on which the § 1983

15  defendant based its *Heck* preclusion argument.  656 F.3d 892, 897 (9th Cir. 2011).  There, the

16  § 1983 plaintiff's neighbor reported the plaintiff for drunk driving after the plaintiff left his car off

17  the side of the road.  *Id.* at 894.  Investigating officers found the front door to the plaintiff's house

18  ajar and entered the plaintiff's house.  *Id.*  They awoke the plaintiff and administered field sobriety

19  tests, which the plaintiff failed.  *Id.*  After the trial court denied the plaintiff's motion to suppress

20  the results of the sobriety test and other observations the officers made in the plaintiff's home, the

21  plaintiff pled no contest to a "wet reckless" driving violation under California Vehicle Code

22  section 23103.5(a).  *Id.* at 895.

23          The district court dismissed the plaintiff's § 1983 claim of unlawful search as barred by

24  *Heck.  Id.* at 896.  The Ninth Circuit reversed, relying principally on *Ove v. Gwinn,* 264 F.3d 817

25  (9th Cir. 2001), a case in which the Ninth Circuit held that *Heck* did not bar § 1983 plaintiffs who

26  pled no contest to driving under the influence from bringing a § 1983 lawsuit alleging that

27  _____

28          [6] *Szajer* was the only case involving a no-contest plea cited in support of this proposition in
    *Radwan*.

6

United States District Court
Northern District of California

investigators used unqualified individuals to withdraw blood for blood tests.  The court in *Lockett* reasoned that because the § 1983 plaintiff had pled no contest, his "conviction 'derive[d] from [his] plea[], not from [a] verdict[] obtained with supposedly illegal evidence.'"  658 F.3d at 896 (quoting *Ove*, 264 F.3d at 823) (all but first alteration in original).  Accordingly, success on the plaintiff's § 1983 claim would not imply the invalidity of the conviction because the "conviction d[id] not in any way depend on the legality of the search of his home."  *Id.* at 897 (internal quotation omitted).  More recently, the Ninth Circuit has cited *Lockett* with approval.  *See Jackson v. Barnes*, 749 F.3d 755, 760 (9th Cir. 2014), *cert. denied*, 135 S. Ct. 980 (2015) ("[In *Lockett*,] a plaintiff who pled nolo contendre to reckless driving was not *Heck*-barred from bringing a § 1983 claim based on an alleged unlawful search because the outcome of the claim had no bearing on the validity of the plaintiff's plea.").

District courts considering *Lockett* have either treated *Lockett* as binding precedent and declined to apply *Heck* to a no-contest plea or have factually distinguished *Lockett*.  For example in *Leon v. San Jose Police Department*, the court relied on *Lockett* in holding that *Heck* did not bar the plaintiff's § 1983 claims of wrongful arrest and unlawful search and seizure after the plaintiff pled no contest to narcotics charges.  No. 5:11-CV-05504 HRL, 2013 WL 5487543, at *2 (N.D. Cal. Sept. 30, 2013).  The court stated that *Lockett* "does not comport with other precedent" and that the court "d[id] not agree that a guilty plea should automatically insulate a subsequent § 1983 action from *Heck's* reach."[7]  *Id.* at *4.  The court nevertheless declined to apply *Heck* to the no-contest plea because *Lockett* was "on point and binding."  *Id.*

In *Cooley v. City of Vallejo*, the court similarly declined to apply *Heck* based on the plaintiff's plea of no contest to a cocaine possession charge, where the plaintiff's § 1983 claim alleged he was wrongly tased and subsequently searched.  No. 2:14-CV-0620-TLN-KJN, 2014 WL 3749369, at *1 (E.D. Cal. July 29, 2014), *report and recommendation adopted*, 2014 WL 4368141 (Sept. 2, 2014).  Like in *Leon*, the court stated that *Lockett* "does not comport with earlier Ninth Circuit precedents, such as *Szajer*," but the court acknowledged that "*Lockett* is binding

---

[7] In this statement, the court referred to a guilty plea, but the case in fact dealt with a plea of no contest.  *Leon*, 2013 WL 5487543, at *1.

upon a district court as the most recent published decision from the Ninth Circuit addressing the issue." *Id.* at *4.

Some district courts have declined to apply *Lockett*, finding a set of facts distinguishable from those of *Lockett*. In *Kowarsh v. Heckman*, for example, the court found that *Heck* barred a plaintiff's § 1983 claim for malicious prosecution where the plaintiff had pled no-contest to public intoxication. No. 14-CV-05314-MEJ, 2015 WL 2406785, at *8 (N.D. Cal. May 19, 2015). The court found that *Lockett* was distinguishable because it involved a § 1983 action for unlawful search, whereas the plaintiff in *Kowarsh* alleged malicious prosecution. *Id.* This distinction was meaningful under *Heck* because in cases of unlawful search like *Lockett* and *Ove*, the plaintiffs' "pleas of guilty and no contest were not inconsistent with their claims that police obtained evidence against them in a way that violated their constitutional rights." *Id.* By contrast, the court reasoned, an allegation of malicious prosecution is inconsistent with a no-contest plea "because it essentially suggests that [the plaintiff] did, in fact, contest the criminal charges against him." *Id.*; *see also Chico Scrap Metal, Inc. v. Raphael*, 830 F. Supp. 2d 966, 972 (E.D. Cal. 2011) (finding *Lockett* "inapplicable to the facts of the present case" because the challenged clean-up orders were "not evidence used to support the plea agreement, [but instead were] prospective requirements of the plea agreement"), *aff'd in relevant part sub nom. Chico Scrap Metal, Inc. v. Robinson*, 560 F. App'x 650 (9th Cir. 2014).

The Court concludes that *Lockett* is binding precedent and that *Heck* does not apply to Mr. Ellis's no-contest plea. *Radwan*, the Ninth Circuit case Officer Thomas cites in support of applying *Heck* to a no-contest plea, is unpublished and non-precedential. *See* 9th Cir. R. 36-3. The Ninth Circuit has also reiterated the holding of *Lockett* since the memorandum disposition in *Radwan*. *See Jackson*, 749 F.3d at 760.

## IV.   CONCLUSION

For the reasons stated above, Officer Thomas's Motion is DENIED. The Court notes, however, that if Mr. Ellis ultimately prevails in this action, his potential redress is limited to his injury resulting from the stop itself, not from the subsequent conviction.

Mr. Ellis, who is not represented by counsel, is encouraged to consult with the Federal Pro

1   Bono Project's Legal Help Center in either of the Oakland or San Francisco federal courthouses

2   for assistance.  The San Francisco Legal Help Center office is located in Room 2796 on the 15th

3   floor at 450 Golden Gate Avenue, San Francisco, CA 94102.  The Oakland office is located in

4   Room 470-S on the 4th floor at 1301 Clay Street, Oakland, CA 94612.  Appointments can be

5   made by calling (415) 782-8982 or signing up in the appointment book located outside either

6   office.  Lawyers at the Legal Help Center can provide basic assistance to parties representing

7   themselves but cannot provide legal representation.

8          **IT IS SO ORDERED.**

9   Dated: October 9, 2015

10
                                        _____
11                                      JOSEPH C. SPERO
                                        Chief Magistrate Judge
12

United States District Court
Northern District of California